# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

COREY CHADEWICK GLICK,                                              PLAINTIFF

v.                              4:18cv00389-KGB-JJV

NANCY A. BERRYHILL,
Acting Commissioner of Social Security                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Kristine G. Baker. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Corey Click, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is now ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is young - only forty-one years old. (Tr. 41.) He testified that he went as far as the tenth grade in school. (*Id*.) Mr. Click has past relevant work as an animal attendant, a press jogger, and barber. (Tr. 26.)

The Administrative Law Judge[2] (ALJ) found Mr. Click has a combination of "severe" impairments. (Tr. 17.) The ALJ further found Mr. Click did not have an impairment or

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[3]   (Tr. 18-19.)

The ALJ determined Mr. Click had the residual functional capacity (RFC) to perform a reduced range of sedentary work.  (Tr. 19-20.)  Given this RFC, Mr. Click is no longer able to perform his past relevant work.  (Tr. 26.)  Therefore, the ALJ employed the services of a vocational expert to determine whether jobs existed that Mr. Click could perform despite his impairments.  (Tr. 58-61.)  The ALJ determined that Plaintiff was capable of performing the jobs of machine tender and inspector.  (Tr. 27.)  Accordingly, the ALJ determined Mr. Click was not disabled.  (Tr. 27-28.)

In support of his Complaint, Mr. Click argues the ALJ "failed to give proper weight to the opinion of Plaintiff's treating provider, Dr. Lewis, instead of relying on the outdated opinions of the State Agency Medical Consultants."  (Doc. No. 12 at 16.)  Plaintiff is correct that his treating doctor should generally be given deference, but after a close review of the records, I find the ALJ properly assessed the opinion of Derek Lewis, M.D.

Dr. Lewis provided a Medical Source Statement indicating Plaintiff was extremely limited due to his degenerative disc disease.  (Tr. 750-751.)  As Plaintiff states, if the ALJ gave significant weight to this evidence, Mr. Click would be considered disabled.  (Doc. No. 12 at 17.) The ALJ gave the Medical Source Statement little weight stating:

> Obviously, the medical statement is internally inconsistent.  It assumes a progressive disease will worsen and cause additional limitations.  The opinion states that the claimant would be off tasks and have interference to maintain focus and concentration.  However, the treatment notes consistently show no side effects of medication and there is no evidence of lack of concentration or focus. . . Treatment notes from Derek Lewis between February 2016 and March 2017

---

[3] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

3

consistently revealed intact memory, judgment, and insight with normal mood and affect.

(Tr. 26.)

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount Dr. Lewis's conclusions. As the Commissioner notes, treatment notes showed no issues with side effects from medication and Plaintiff's pain was generally controlled by his medication. (Doc. No. 14 at 17.) While the evidence reveals Plaintiff does have serious back issues, the ALJ fairly accounted for those issues in his RFC assessment. In fact, the ALJ's RFC is fairly consistent with Dr. Lewis's own conclusions. For example, both the ALJ and Dr. Lewis determined Plaintiff could lift and carry 10 pounds occasionally and less than 10 pounds frequently. (Tr. 19, 749.) The ALJ also incorporated a "sit/stand option that involves standing or walking in intervals of 10-20 minutes and sitting in intervals of 20 minutes" that was consistent with Dr. Lewis's recommendation. (Tr. 20, 749.) It is also significant that Dr. Lewis recommended that Plaintiff engage in "aerobic activity, such as walking, swimming, stationary bicycle, [and] light jogging," (Tr. 1141), evidencing Plaintiff was more capable than

was suggested in the Medical Source Statement. So, the ALJ could properly discount Dr. Lewis's Medical Source Statement.

Plaintiff argues "The ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to order a consultative examination to determine Plaintiff['s] mental limitations." (Doc. No. 12 at 13.) But the ALJ is permitted to issue a decision without obtaining additional evidence if the record is sufficient to make an informed decision. E.g., *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

At the administrative hearing, Plaintiff did not report any mental limitations that prevented him from working. (Tr. 42-58.) To the contrary, Plaintiff reported he had issues standing, reaching, lifting, and walking. (Tr. 42-47.) He reported he had affective, depressive, and anxiety disorders, (Tr. 43), but he testified his limitations were based on his physical impairments. (Tr. 55-57.)

Additionally, Plaintiff is reminded he had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). The fact that Plaintiff's counsel did not obtain (or, as far as the record reflects, try to obtain) additional opinions from his treating doctors suggests they are of only minor importance. *See Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995). Moreover, I find no indication that Plaintiff or his counsel requested that the ALJ order a consultative evaluation at any time during the administrative process. Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither;

5

therefore, his argument is without merit.

Counsel for both sides have done exemplary work on behalf of their respective clients. I am sympathetic to Mr. Click's claims. He is a young man. I am certain he experiences pain, fatigue, and limiting effects. But the overall medical evidence provides substantial support for the ALJ's determination that he could perform work at the sedentary exertional level.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 21st day of December 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE