# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**COREY CHADEWICK CLICK**                                                                 **PLAINTIFF**

v.                  Case No. 4:18-cv-00389-KGB-JJV

**NANCY A. BERRYHILL, Acting Commissioner,**
**Social Security Administration**                                      **DEFENDANT**

# ORDER

The Court has received the Proposed Findings and Recommended Disposition ("Recommendation") filed by Magistrate Judge Joe J. Volpe (Dkt. No. 15). After careful review of the Recommendation, plaintiff Corey Chadewick Click's timely objections (Dkt. No. 16), as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects. The Court denies Mr. Click's request for relief and affirms the Commissioner's decision.

The Court writes separately to address Mr. Click's objections. Mr. Click contends that he "argued that, without an updated medical opinion, there was not sufficient evidence to allow the A[dministrative] L[aw] J[udge] to make an informed decision." (Dkt. No. 16, at 3). Mr. Click asserts that, in rejecting his argument, Judge Volpe focused on the treatment the Administrative Law Judge ("ALJ") afforded the opinion of Derek Lewis, M.D., "while ignoring the fact that when Dr. Lewis' opinion was rejected, the ALJ was only left with outdated medical opinions." (*Id.*, at 2). Mr. Click argues that even the ALJ noted that the disability determinations of the State Agency Medical Consultants ("SAMC") were based on less than the full record and that the new evidence required a more stringent Residual Functional Capacity determination than the SAMCs considered. Mr. Click argues that this demonstrates that there is a period of time between the determination and the date of the hearing in which the records were not evaluated by any medical

professional. The reconsideration determination was completed on October 13, 2015, while the hearing was held on May 22, 2017. Mr. Click contends that, when "the ALJ rejected the opinion testimony, the outdated opinions that remained were not sufficient evidence to allow for an informed decision, which triggered the ALJ's affirmative duty to develop the record." (*Id*., at 3).

The Court disagrees. The ALJ is permitted to issue a decision without obtaining additional evidence if the record is sufficient to make an informed decision. *See, e.g., Martise v. Astrue*, 641 F.3d 909 (8th Cir. 2011); *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Mr. Click's alleged onset date of disability is October 1, 2014 (Dkt. No. 9-2, at 16). The evidence to which Mr. Click refers, and that he takes issue with the ALJ's treatment of, is a February 29, 2016, physical medical source statement co-signed by Regina Carter, APN, and Dr. Lewis (Dkt. No. 12, at 10) (T 750). Mr. Click concedes that the ALJ credited October 13, 2015, disability determinations completed at the reconsideration level by Jon Etienne Mourot, Ph.D., and Bill F. Payne, M.D., SAMCs, granting their opinions some weight, but the ALJ conceded that there was evidence received into the record at the hearing level that the SAMCs did not consider when determining Mr. Click's disability level (Dkt. No. 12, at 11).

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. The ALJ's determination reflects that he considered all of the medical evidence, concluding that "the objective findings in this case fail to provide strong support for the claimant's allegations of disabling symptoms and limitations" (Dkt. No. 9-2, at 22). The ALJ explained his reasoning for considering but affording Dr. Lewis' statement little weight given that the medical statement is internally inconsistent and that the treatment notes from Dr. Lewis during that same time period do not support his statement overall (Dkt. No. 9-2, at 22-23, 26-27). The ALJ accorded some

2

weight to the opinions of the SAMCs (Dkt. No. 9-2, at 26).  Further, the ALJ reviewed and addressed in his decision medical records dated after the late 2015 and early 2016 time period until the date of the hearing, explaining why those medical records do not support Mr. Click's claim of disability (Dkt. No. 9-2, at 23).  Having reviewed the Recommendation, Mr. Click's timely objections, as well as the record *de novo*, the Court concurs with Judge Volpe and adopts the Recommendation over Mr. Click's objection.

IT IS SO ORDERED this 12th day of September, 2019.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE